APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MELINDA PIECZYNSKI
AND
SUSAN OTTO
V.
FRATERNAL ORDER OF EAGLES, GRAND AERIE
AND
FRATERNAL ORDER OF EAGLES, LOCAL AERIE #2489

: Civil Action
: No: _____
:
:
:
:

DISCLOSURE STATEMENT FORM

Please check one box:

☐ The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐ The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

**UNKNOWN**
_____
_____
_____

Unknown to plaintiff's counsel

October 26, 2020                          *[signature]*
Date                                      Signature

                    Counsel for:  **PLAINTIFF**

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
   (a)   WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file two copies of a disclosure statement that:
         (1)   identifies any parent corporation and any publicly held corporation owning10% or more of its stock;  or
         (2)   states that there is no such corporation.

   (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
         (1)   file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
         (2)   promptly file a supplemental statement if any required information changes.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELINDA PIECZYNSKI<br>1619 Wilson Avenue<br>Bristol, PA 19007 | :<br>:<br>: |
| and | : Civil Action No.<br>: |
| SUSAN OTTO<br>715 Chatham Road<br>Fairless Hills, PA 19030 | :<br>:<br>:<br>: |
| Plaintiffs | : |
| v. | :<br>: |
| FRATERNAL ORDER OF<br>EAGLES, GRAND AERIE<br>1623 Gateway Circle South<br>Grove City, OH 43123 | :<br>:<br>:<br>: |
| and | : |
| FRATERNAL ORDER OF<br>EAGLES, LOCAL AERIE #2489<br>1 Philadelphia Avenue<br>Morrisville, PA 19067 | :<br>:<br>:<br>: |
| Defendants | : |

### COMPLAINT

Plaintiffs, Melinda Pieczynski and Susan Otto, by way of complaint against the defendants, Fraternal Order of Eagles Grand Aerie and Fraternal Order of Eagles Local Aerie #2489, hereby allege and say:

### PARTIES

1. Plaintiff Melinda Pieczynski is an adult citizen of the Commonwealth of Pennsylvania and resides at 1619 Wilson Avenue in Bristol, Pennsylvania 19007.

2. Plaintiff Susan Otto is an adult citizen of the Commonwealth of Pennsylvania and resides at 715 Chatham Road in Fairless Hills, Pennsylvania 19007.

3. Defendant, the Fraternal Order of Eagles, is an international non-profit organization uniting fraternally in the spirit of liberty, truth, justice and equality, to make human life more desirable by lessening its ills and promoting peace, prosperity, gladness and hope.

4. The Fraternal Order of Eagles Grand Aerie (or international headquarters of the non-profit corporation) is located at 1623 Gateway Circle South, Grove City, Ohio 43123.

5. In addition to the Grand Aerie, the Fraternal Order of Eagles consists of state and local chapters, also called "Aeries," with locations throughout the United States and in foreign countries.

6. Local Aerie #2489 (also identified in places as #4289) is located at 1 Philadelphia Avenue in Morrisville, Pennsylvania, and is one of many local aeries within the Commonwealth of Pennsylvania. To the extent Local Aerie #2489 has a separate corporate existence, it is being sued in its own capacity and both the Grand Aerie and Local Aerie #2489 are defendants.

## JURISDICTION AND VENUE

7. Jurisdiction is based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

8. The jurisdiction of this Court is also based upon 28 U.S.C. §§1331 and 1343, to redress the unlawful deprivation of plaintiff's rights, secured, guaranteed and protected by federal laws.

9. Pursuant to 28 U.S.C. §1391(b), venue resides in the Eastern District of Pennsylvania where plaintiffs performed work for the defendants at the Local Aerie #2489 in

Morrisville, Pennsylvania and where incidents and occurrences giving rise to the cause of action arose.

10. This Court may also exercise supplemental jurisdiction over state law claims set forth herein or later added pursuant to 28 U.S.C. §1367(a) and Fed.R.Civ.P. 18(a) since the state law claims form part of the same case or controversy.

11. The plaintiffs have satisfied all jurisdictional prerequisites and exhausted administrative remedies by filing:

(a) original written charge of discrimination of Melinda Pieczynski filed with the Equal Employment Opportunity Commission, Charge No. 530-2020-00191, dated October 8, 2019, amended effective November 7, 2019, and the same were dual filed with the Pennsylvania Human Relations Commission (See Exhibits "A" and "C");

(b) original written charge of discrimination of Melinda Susan Otto filed with the Equal Employment Opportunity Commission, Charge No. 530-2020-00177, dated October 8, 2019, amended effective November 7, 2019, and the same were dual filed with the Pennsylvania Human Relations Commission (See Exhibits "B" and "C");

(c) received notice of right-to-sue from the EEOC for Melinda Pieczynski and Susan Otto respectively on September 25, 2020 (Exhibits "D" and "E");

(c) and this complaint has been filed within ninety (90) days of receipt of the aforementioned notices of right-to-sue.

## FACTS

12. Plaintiffs are in a protected class: female.

13. Defendants are both "employers" within the meaning of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act (PHRA) since they engaged in

interstate commerce and employed, separately or in union, more than fifteen (15) persons during the applicable statutory time period.

14. Plaintiffs allege that, if the Fraternal Order of Eagles Local Aerie #2489 has its own separate corporate existence, then the Fraternal Order of Eagles Grand Aerie is a joint employer and/or ostensible employer since it exerts substantial control over the local aeries and exercises the right to control the activities of the local aeries including, but not limited to, the areas of personnel and compliance with state, local and federal laws.

15. The "Affiliation Agreement" signed on behalf of local aeries with the Grand Aerie provides, among other things:

> To provide for the enactment, promulgation, amendment, or repeal of a Constitution, Statutes, Laws, Rituals and Rules and Regulations for the governance of the Grand Aerie, its subordinate units, including Local Aeries.

and the Local Aerie agrees:

> 1. To operate in conformity with and incorporate into the bylaws of the Local Aerie as controlling, the Articles of Incorporation, Constitution, and Statutes of the Fraternal Order of Eagles as from time to time amended.
>
> 2. To operate at all times in conformity with all applicable federal, state, and local laws, regulations and ordinances.
>
> \* \* \*
>
> 4. To submit any and all documents to the Grand Aerie pursuant to the Constitution and Statutes of the Fraternal Order of Eagles including but not limited to House Rules, bylaws, and proposed amendments to the Office of the Grand Secretary for approval, as well as any adverse notices or other correspondence received from any governmental agency.
>
> 5. To follow the provisions of the Constitution and Statutes Section 39.6 pertaining to dissolution, and that the Grand Aerie may suspend its charter and assign an agent to oversee the affairs of the Local Aerie . . .
>
> \* \* \*

      8.   To fully maintain adequate insurance coverage naming the Grand Aerie as an additional insured and third-party beneficiary . . .

                                \*       \*       \*

      11.   When requested by the Grand Aerie, to provide the Grand Aeries with any and all further assurances of compliance with, adherence to, or activity involving this Agreement, Grand Aerie Constitution and Statutes, or the principles and governing mission of the Grand Aerie.

                                  \*       \*       \*

      14.   To use its best efforts to ensure that its leadership receives training and education on issues relevant to the Local Aerie including, but not limited to: corporate and tax law, governance, risk management, fiduciary duty and the Constitution and Statutes and regulations of the Grand Aerie.

Exhibit "F"

16.    The Grand Aerie retains the legal authority to revoke the charter of a local aerie for non-compliance with the Affiliation Agreement.

17.    Moreover, the Grand Aerie and the Local Aerie #2489 hold themselves out to the public as a single entity on their respective websites. See Exhibit "G."

18.    The Grand Aerie employs a Field Services Manager to visit local aeries and assure financial and insurance compliance and adherence to the Constitutional rules and regulations.

19.    Local Aerie #2489 hired plaintiff Melinda Pieczynski in or about August 2018 as a bartender and part time cook.

20.    Local Aerie #2489 also hired plaintiff Susan Otto in or about August 2018 as a bartender and part time cook.

21.    One of the officers and/or trustees and/or members of Local Aerie #2489, Mickey Malone, supervised Local Aerie #2489 employees. Malone, however, was a sexual harasser and predator and subjected all of the female employees of the Aerie to his harassment and attempted

control to one degree or another, especially when he was present in the bar on the premises and had been drinking.

22. Malone's harassment of female employees was well known to the other officers and trustees of Local Aerie #2489, but the other officers and trustees did little or nothing to stop Malone's illegal behavior.

23. Shortly after Ms. Pieczynski began working at the local Aerie, Malone made advances toward her. He asked to touch her breasts and buttocks and made physical gestures indicating he wanted her to perform oral sex on him.

24. When Ms. Pieczynski rebuffed Malone's advances, he retaliated against her. His retaliation and intimidation included:

- allowing the Friday night shift to leave dishes unwashed and making her wash them on Saturday;

- repeatedly threatened to fire her for small infractions, such as coming in a couple minutes late, even though he did not discipline females who acquiesced to his harassment for much larger infractions;

- He made her sign in for each shift even though no other employees were required to;

- He posted 8 x 10 photographs of himself around the bar area with a sign stating "3X and your out! See ya. Bye." The pictures and the sign went up after Ms. Pieczynski rebuffed Malone's sexual advances.

- Malone screamed and belittled Ms. Pieczynski in front of Aerie members, calling her a "biker chick" and "drug addict" among other things, while complimenting the women who acquiesced to his behaviors;

- Malone advised Ms. Pieczynski to dress like a bartender and wear more make-up.

25. Ms. Pieczynski witnessed Malone sexually harass other females who acquiesced. For example, she saw him doing "coconut crunches" with co-workers Susan Otto and Stephanie Dempsey where he would stick his head in between their breasts and push them against his head. Malone asked Ms. Pieczynski to participate, but she refused.

26. Malone, on occasion, unzipped his pants in front of Ms. Pieczynski and made gestures indicating he wanted her to perform oral sex.

27. In addition to overlooking work infractions and granting time-off requests liberally to the women who acquiesced in his behavior, Malone gave gifts to them including Stephanie Dempsey and Cheryl Weaver. Gifts included money and Victoria's Secret bras and panties.

28. On May 2, 2019, Malone texted Ms. Pieczynski and told her that her services were no longer needed. Even though it was the beginning of the slower summer months for the bar, no one else was laid off or had hours reduced at that time and, upon information and belief, other bartenders were hired thereafter.

29. Plaintiff Susan Otto acquiesced to Malone's harassment out of fear of losing her job. She allowed him to grope her and do "coconut crunches," and always tried to come up with excuses why she could not stop what she was doing to perform oral sex.

30. Unlike with Ms. Pieczynski, when Malone unzipped his pants for Ms. Otto, he pulled out his penis. On one occasion, he stood behind her, grabbed her hand and touched it to his penis while she was looking the other way. Ms. Otto immediately pulled away. Malone continually suggested Otto should find her own apartment so they could "get naked together."

31. The harassment often occurred in the kitchen. Malone would be drinking heavily at the bar, and then follow Otto and others into the kitchen out of view of club members.

32. The Local Aerie has a video surveillance system. Ms. Otto is aware of at least one occasion when another trustee named Kevin had observed Malone's conduct while watching the monitors in the office and warned Malone to stop harassing the employees. Malone laughed, but was more careful about avoiding areas covered by the cameras thereafter whenever he pursued Otto or the other women.

33. In the Spring of 2019, Ms. Otto moved into an apartment with co-worker Stephanie Dempsey in the same building in which Local Aerie #2489 rents space. Malone had told Ms. Otto he was opposed to the move allegedly because he did not believe Ms. Otto should be rooming with Ms. Dempsey who supervised her work.

34. When Malone found out Ms. Otto moved in with Ms. Dempsey anyway, he became very angry and began making disparaging remarks about Ms. Otto to Ms. Dempsey.

35. On or about June 2, 2019, Malone went to the apartment with Ms. Dempsey and told Otto she could no longer stay there. When Ms. Otto began to argue and told him she had nowhere else to go, Malone became very angry and said, "You know what? You're fired, too!"

36. Malone fired Ms. Otto because she was a female who didn't do what he told her to do.

**COUNT I – TITLE VII DIRECT LIABILITY OF LOCAL AERIE #2489**

37. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of their complaint as though they were set forth at length herein.

38. Defendant, Local Aerie #2489, through its agent, Mickey Malone, treated plaintiffs differently in their employment because they were women. They subjected plaintiffs to

a sexually hostile and offensive work environment and are directly liable for violating Title VII of the Civil Rights Act of 1964.

39. Defendant failed to implement policies and procedures to prevent sexual harassment and failed to provide training to officers, trustees and supervisors in Local Aerie #2489 with authority and control over the work environment.

40. Because of their lackadaisical attitude and gross indifference, defendant's officers, trustees and supervisors allowed and enabled Malone to treat female employees as his own private harem, grope and molest them, and retaliate against women who didn't do his bidding.

41. Malone fired both Ms. Pieczynski and Ms. Otto in retaliation for going against him: Ms. Pieczynski for refusing his advances and Ms. Otto for refusing to move out of the apartment with Ms. Dempsey.

42. Defendant did not discipline, terminate and/or otherwise reprimand Malone for his sexual harassment of the plaintiffs or other women. To the contrary, upon information and belief, Malone remains in his position as an officer and trustee to this day. Defendant has thus perpetuated a sexually hostile work environment.

43. As a result of the plaintiff's exposure to a sexually hostile work environment and subsequent discharge in violation of Title VII, both plaintiffs have suffered extreme humiliation and emotional distress, anxiety, fear, wage loss, and subsequent economic hardship because they could no longer support themselves and, in Ms. Pieczynski's case, her children.

44. Defendant's gross indifference to the plight of female employees under Malone's reign of terror, including plaintiffs, was outrageous and egregious.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendant, Local Aerie #2489, for compensatory and punitive damages in an amount in excess of $150,000.00 exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

### COUNT II - TITLE VII VICARIOUS LIABILITY OF LOCAL AERIE #2489

45. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

46. Defendant Local Aerie #2489 is vicariously liable to plaintiffs for Malones's harassment, discriminatory treatment of, and retaliation against the plaintiffs as set forth herein.

47. Defendant Local Aerie #2489 empowered Malone as an agent, officer and trustee with authority, supervision and control over female employees.

48. Malone committed the sexual harassment, discrimination and retaliation in the course and scope of his agency relationship with the Local Aerie.

49. As a result of Malone's conduct for which the defendant is vicariously liable, both plaintiffs have suffered extreme humiliation and emotional distress, anxiety, fear, wage loss, and subsequent economic hardship because they could no longer support themselves and, in Ms. Pieczynski's case, her children.

50. Defendant's gross indifference to Malone's conduct was outrageous and egregious.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendant, Local Aerie #2489, for compensatory and punitive damages in an amount in excess of $150,000.00 exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

## **COUNT III – VICARIOUS LIABILITY OF GRAND AERIE**

51. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

52. As the head of the international non-profit organization, Fraternal Order of Eagles, of which every local aerie is affiliated, the Grand Aerie exercises significant control over the operations of Local Aerie #2489 as it does every local aerie.

53. Through various documents, policies and procedures, the Grand Aerie exercises the right to enforce local Aerie compliance with federal, state and local laws, ordinances, rules and regulations.

54. The Grand Aerie specifically requires the Local Aeries including #2489:

> 14. To use its best efforts to ensure that its leadership receives training and education on issues relevant to the Local Aerie including, but not limited to: corporate and tax law, governance, risk management, fiduciary duty and the Constitution and Statutes and regulations of the Grand Aerie.

55. The Grand Aerie therefore exercised, or maintained the right to exercise, the requisite level of control in an agency relationship to be vicariously liable for the acts and omissions of its Local Aerie #2489.

56. Accordingly, the Grand Aerie is vicariously liable to the plaintiffs for Local Aerie #2489's violation of Title VII as well as all state law tort claims as set forth elsewhere herein.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendant, Grand Aerie, for compensatory and punitive damages in an amount in excess of $150,000.00 exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

## COUNT IV – OSTENSIBLE AGENCY - GRAND AERIE

57. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

58. When the plaintiffs applied for employment, they were unaware of any corporate separateness between the Grand Aerie of the Fraternal Order of Eagles and the Local Aeries. They believed they were hired by the "Fraternal Order of Eagles."

59. In fact, on both the Grand Aerie and Local Aerie websites, the Fraternal Order of Eagles is held out to the public as a single international non-profit organization. Exhibit "E."

60. Plaintiffs were aware the local Aerie #2489 Board of Trustees and officers reported to the Grand Aerie the financial receipts from the bar and kitchen operations.

61. Accordingly, the Grand Aerie held itself out to the plaintiffs and the public as the head of one organization and thus the ostensible employer of persons working in the local aeries with the apparent authority to control the actions of the local aeries.

62. Plaintiffs justifiably relied on the Grand Aerie's apparent authority over Local Aerie #2489 to provide them with a workplace free from sexual harassment and discrimination.

63. As the ostensible or apparent employer, the Fraternal Order of Eagles Grand Aerie is liable to plaintiffs for Local Aerie #2489's violation of Title VII as well as all state law tort claims as set forth elsewhere herein.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendant, Grand Aerie, for compensatory and punitive damages in an amount in excess of $150,000.00 exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

## COUNT V – GRAND AERIE AS JOINT EMPLOYER

64. Plaintiff repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

65. Based on the aforementioned ability to control the local aeries, the Grand Aerie exercised sufficient control over Local Aerie #2489 to be a "joint employer."

66. As the "joint employer," the Grand Aerie is liable to plaintiffs for Local Aerie #2489's violations of Title VII as well as all state law tort claims as set forth elsewhere herein.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendant, Grand Aerie, for compensatory and punitive damages in an amount in excess of $150,000.00 exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

## COUNT VI – ASSAULT AND BATTERY v. BOTH DEFENDANTS

67. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

68. Malone's various touchings of plaintiff Otto as described herein constitute multiple batteries.

69. Malone's sexual remarks to plaintiff Pieczynski, together with the simulated sex acts and his acts with others, also caused Pieczynski to fear harmful or offensive conduct.

70. Malone appeared to be able to cause plaintiffs harm or offensive contact in the immediate future because of his power and authority as a Local Aerie officer and Trustee and his ability to be in the bar and kitchen area with them when they were alone.

71. As a result of Malone's assault and batteries as described herein, plaintiffs suffered humiliation, embarrassment, anxiety and fear of losing their jobs.

72. Malone's actions were outrageous and egregious.

73. Both defendants are vicariously liable for Malone's assault and batteries as set forth herein.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendants for compensatory and punitive damages in an amount in excess of $150,000.00 exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## v. BOTH DEFENDANTS

74. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

75. Malone's conduct in the workplace was extreme, outrageous, and beyond the bounds of decency.

76. Malone intentionally engaged in sexually harassing conduct in the workplace. When plaintiff Pieczynski rejected his advances, he retaliated against her by creating additional work for her, disciplining her for minor infractions while not disciplining others who were compliant with his requests and instead giving them liberal time off and gifts. Malone berated and intimidated both plaintiffs and kept them in a constant state of fear of losing their employment.

77. When Malone made sexually harassing comments and performed imitated or actual sexual actions, he intended to cause plaintiffs extreme emotional distress and mental anguish.

78. As a result of Malone's conduct, plaintiffs have, in fact, experienced significant emotional stress, humiliation, fear and anxiety.

79. Plaintiffs' emotional distress has manifested itself in the form of physical symptoms including loss of sleep, loss of concentration, stomach upset, and crying.

80. Malone's actions were outrageous and egregious.

81. Both defendants are vicariously liable for Malone's intentional infliction of emotional distress as set forth herein.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendants for compensatory and punitive damages in an amount in excess of $150,000.00 exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## v. BOTH DEFENDANTS

82. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

83. When Malone made sexually harassing comments and performed imitated or actual sexual actions, he knew or should have known his actions were likely to cause plaintiffs extreme emotional distress and mental anguish.

84. As a result of Malone's negligent infliction of emotional distress, plaintiffs have, in fact, experienced significant emotional stress, humiliation, fear and anxiety.

85. Plaintiffs' emotional distress has manifested itself in the form of physical symptoms including loss of sleep, loss of concentration, stomach upset, and crying.

86. Both defendants are vicariously liable for Malone's negligent infliction of emotional distress as set forth herein.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendants for compensatory damages in an amount in excess of $150,000.00 exclusive of

interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

### COUNT IX – PENNSYLVANIA HUMAN RELATIONS ACT
### v. BOTH DEFENDANTS

87. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

88. The same grounds for defendants' violations of Title VII as previously set forth herein also constitute violations of the Pennsylvania Human Relations Act with regard to both defendants' liability for sexual harassment and perpetuation of a hostile work environment.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendants for compensatory and punitive damages exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

### COUNT X – PENNSYLVANIA HUMAN RELATIONS ACT
### v. BOTH DEFENDANTS

89. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

90. The same grounds for defendants' violations of Title VII as previously set forth herein also constitute violations of the Pennsylvania Human Relations Act with regard to both defendants' liability for Malone's retaliation against the plaintiffs for their complaints.

WHEREFORE, plaintiffs demand entry of judgment in their favor and against the defendants for compensatory and punitive damages exclusive of interest and costs, attorney fees, costs of suit, and such other relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues.

                                        /s/ Scott I. Fegley (SIF1933)
                                        Scott I. Fegley, Esq.
                                        Attorney for plaintiff
                                        Attorney I.D. No. 51179
                                        301 Oxford Valley Road
                                        Suite 402 A
                                        Yardley, PA  19067
                                        Scott@FegleyLaw.com
                                        (215) 493-8287

DATE:  October 26, 2020